

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
United States Bankruptcy Judge

**Signed March 9, 2010**

---

## IN THE U.S. BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-31844-sgj-7 |
| | § | |
| STEPHAN M. BRANCH, | § | Chapter 7 |
| Debtor | § | |
| | | |
| STEPHAN M. BRANCH, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| EDUCATIONAL CREDIT | § | |
| MANAGEMENT CORPORATION, | § | |
| Defendant. | § | Adv. No. 09-03206-sgj |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following a trial to the bench in the above-captioned matter, the Court hereby adopts the following findings of fact and conclusions of law.

### I.
### Findings of Fact

1

1. Plaintiff is currently indebted to Defendant in the sum of $52,385.02, with interest accruing on that amount at $11.63 per day, for an educational loan guaranteed by Defendant.

2. Plaintiff's student loan was made as part of the federally-insured student loan program.

3. Plaintiff has a bachelor's degree in English and Spanish from the University of Texas and a master's degree in International Business Development from George Washington University.

4. Plaintiff incurred his educational loan to obtain his master's degree.

5. Following his graduation from George Washington University, Plaintiff worked as a consultant in the field of assisting international business concerns in planning for and opening new areas of operations in foreign countries.  By the time he left this field, Plaintiff was earning approximately $240,000 annually.

6. In light of Plaintiff's multiple degrees from highly reputable universities, his demonstrated abilities to perform valuable work and his demonstrated intelligence, Plaintiff has the capability to earn sufficient funds in the future to repay his student loan debt.

7. The deep vein thrombosis medical condition Plaintiff testified as having does not prevent him from obtaining employment sufficient to repay his student loan debt.

8. Although Plaintiff has made payments on his student loan, these payments were insufficient to pay off the balance of the student loan, which has resulted in the balance increasing over the life of his student loan.

9. Plaintiff's current adjusted gross income is $12,258.00 and he has a single dependent.

10. Plaintiff has not attempted to avail himself of the modifying his student loan payments under the income-based repayment plan found in 34 C.F.R. § 382.215.

## II.

## Conclusions of Law

1. This Court has jurisdiction of this proceeding under 28 U.S.C. § 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b).

3. Plaintiff's student loan is one covered by 11 U.S.C. § 523(a)(8) and is excepted from discharge unless Plaintiff meets his burden of demonstrating that requiring him to repay his student loan would constitute an undue hardship on him and his dependent.

4. To satisfy this burden under the standards enunciated in *In re Gerhardt*, 348 F.3d 89 (5th Cir. 2003), Plaintiff must demonstrate that: (1) he cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependent if forced to repay the student loan; (2) additional circumstances exist indicating that this state of affairs is

3

      likely to persist for a significant portion of the repayment period of the student loan; and (3) he has made good faith efforts to repay the loans.

5. Plaintiff has failed to demonstrate that there exist any additional circumstances that would prevent him from repaying his student loan.

6. Plaintiff's failure to make payments resulting in any reduction in the balance of his student loan, despite his past history of very large annual earnings, evidences a lack of good faith in repaying his student loan.

7. Under the income based repayment formula found at 34 C.F.R. § 682.215(b)(1), Plaintiff's current monthly payment under an income-based repayment plan would be $0.00.

8. Plaintiff's failure to apply for an income-based repayment plan under 34 C.F.R. § 682.215 evidences a lack of good faith in repaying his student loan.

9. Under the standards enunciated in *In re Gerhardt*, 348 F.3d 89 (5th Cir. 2003), excepting Plaintiff's student loans from discharge will not impose an undue hardship upon Plaintiff or his dependent as that term is used in 11 U.S.C. § 523(a)(8).

F:\clients\02995\5013\Courts FoF CoL.doc